## HEWITT *vs.* HEWITT.

### *In the matter of the Estate of* WALTER HEWITT, *deceased.*

UPON an application to sell the real estate of a deceased person for the payment of his debts, if it appear that the title to the lands sought to be sold is controverted, and that by reason of such claim a sale will be made under disadvantageous circumstances, it is proper to stay further proceedings until the parties have had an opportunity of determining the title in a court of competent jurisdiction.

The Surrogate has no authority in such a case to pass upon the question of title, when the lands were *prima facie* vested in the deceased; and if the creditors insist upon selling all the interest of the deceased, after proper time allowed for instituting a suit to determine the title in another court, the sale will be ordered.

> WILLIAM H. LEONARD, *for Creditors.*
> WALTER M. POTTER, *for Contestants.*

THE SURROGATE.—Creditors having procured an order on the heirs-at-law of the intestate and the persons in occupation of certain lands in Saratoga county, to show cause why the

real estate of the deceased should not be sold for the payment of his debts; the infant children of a deceased brother of the intestate, show cause against the application. They allege, through their guardian, that the lands in Saratoga county, which are now sought to be sold, were originally contracted to be sold by Phineas Cook to Horatio Hewitt; that Horatio made payments in his lifetime, and erected a house on the premises; that after his decease, Walter the intestate became the guardian of his children, made the subsequent payments on the contract out of their funds; and when the whole purchase money had been paid, instead of taking the deed in the names of his wards, took it in his own name, and without stating his representative capacity. These allegations are controverted, but I see no advantage at this stage of the case, in hearing any further testimony than shall suffice to show reasonable ground for a stay of proceedings. The title to the property was unquestionably in Walter Hewitt at the time of his death; and *prima facie*, his creditors are entitled to have it sold for the payment of his debts. With this cloud over it, however, it would be sold to great disadvantage, and it is very plainly for the interest of the creditors to have the question settled, before a sale. I have no jurisdiction, if the deceased guardian violated his trust, competent to afford an adequate remedy. Nor do I see, if the creditors insist upon a sale of the right title and interest of the intestate, whatever it may be, that I have any right to deny their application. If they choose to take the risk and expense of such an experiment, they may do so. Still it is very proper to afford the guardian of the infants an opportunity to have the title determined in a court of competent jurisdiction, without being embarrassed by purchasers under a Surrogate's sale. I shall therefore suspend proceedings a sufficient length of time to allow a suit to be instituted for the restitution of the lands; and if the case is carried on with reasonable diligence, I shall not order a sale, until the title be finally determined.