NEW YORK COUNTY.—HON. D. G. ROLLINS, SUR-
ROGATE.—June, 1885.

## KNICKERBOCKER v. DECKER.

*In the matter of the estate of* NICHOLAS H. DECKER,
*deceased.*

In a special proceeding, instituted under Code Civ. Pro., ch. 18, tit. 5, by
a creditor, to procure a decree directing the disposition of a decedent's
real property for payment of the debt, where it appears that the prop-
erty has been already sold, pursuant to a judgment of the Supreme
court, foreclosing a mortgage thereon, made by decedent in his life-
time, the invalidity whereof is asserted by the petitioner, though the
Surrogate's court is concluded by the judgment in question, the pro-
ceedings should not be dismissed, but be kept alive until a reasonable
opportunity has been afforded petitioner for attacking, in a competent
tribunal, the foreclosure and sale of which he complains.

APPLICATION by Henry Knickerbocker and Henry
W. Perkins, partners, as creditors of decedent's estate,
for a decree directing the disposition of his real prop-
erty for the payment of his debts; opposed by Maria
E. Decker, executrix of decedent's will. The facts
appear sufficiently in the opinion.

E. SCHENCK, *for petitioners.*

CARROLL & FRASER, *for executrix.*

THE SURROGATE.—This is a proceeding, under title
5 of chapter 18 of the Code of Civil Procedure, for
the sale of certain real estate owned by the testator
at the time of his death. His executrix has inter-
posed an answer, wherein she alleges that the real
estate in question was subject to three mortgages
made by the testator in his lifetime; that one of such

mortgages has been foreclosed, and that such real estate has been sold in obedience to a judgment of the Supremè court. The petitioner refers to those mortgages and declares, upon information and belief, that they were given without consideration. This the respondent denies.

Whether the mortgage, whose foreclosure was followed by the sale of the property, was or was not given in good faith, I have no power in this proceeding to determine. I cannot go behind the Supreme court judgment. But there is much force in the suggestion of the petitioner that, however well founded his claim of the invalidity of that mortgage may prove to be, he will be practically remediless if the respondent's motion for the dismissal of his application shall be granted. The petitioner does not ask that a decree be now entered, but simply that the proceedings be kept alive in this court until he has had reasonable opportunity for attacking, in another, the foreclosure and sale whereof he complains.

His application for delay is granted (Hewitt v. Hewitt, 3 *Bradf.*, 265).